# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CR-0154-001-TCK |
| v. ) | |
| ) | USM Number: 10485-062 |
| SHAUNE COREY PAYNE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 709 (Doc. 28). In November 2008, Defendant pleaded guilty to a single-count indictment charging possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). In February 2009, the Court imposed a sentence of 120 months imprisonment based on offense level 27 and criminal history category II, resulting in a guideline sentence of 120 months.[1] Defendant contends that, based on revised Chapter Four rules caused by Amendment 709, his criminal history category was miscalculated. Defendant asserts the correct application of the guidelines will result in a lowering of his sentencing range, making him eligible for a § 3582(c) reduction of sentence. Defendant's motion contains various other arguments, including that the Court erred by 1) not considering the purity of the controlled substance in determination of the statutory penalty, 2) misapplying a statutory enhancement under 21 U.S.C. § 851, and 3) committing Fifth and Sixth Amendment violations. Finally, Defendant appears to

---

[1] Defendant pleaded guilty to an offense that carried a mandatory minimum penalty of ten years imprisonment and a maximum term of life. See Plea Agreement, ¶ 13a (Doc. 15) and Petition to Enter Plea of Guilty, p. 3 (Doc. 17). The calculated advisory guideline range was 78 to 97 months. However, pursuant to USSG §5G1.1(b), where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence becomes the guideline sentence.

request that the Court resentence him to a lesser sentence pursuant to factors found in 18 U.S.C. § 3553(a) and under United States v. Booker, 543 U.S. 220 (2005).

As for Defendant's statutory penalty and Fifth and Sixth Amendment argument, these factors have nothing to do with a retroactive sentencing guideline amendment and this Court's authority to consider modification of sentence under § 3582(c). A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Modification proceedings under § 3582(c)(2) are narrow in scope and the statute's plain language only authorizes consideration of an amended guideline and applicable policy statements. See United States v Rhodes, 549 F.3d 833, 840 (10th Cir. 2008); United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by § 3582(c), the district court lacks jurisdiction to consider defendant's request).

Amendment 709, effective November 1, 2007, addressed two areas of the Chapter Four criminal history rules. The area alluded to by Defendant is how multiple prior sentences count toward determining a defendant's criminal history score. The amendment simplifies the rules under USSG §§4A1.1 and 4A1.2(a)(2) concerning the counting multiple prior sentences, by eliminating use of the term "related cases" and instead using the terms "single" or "separate" sentences. Under the amendment, the initial inquiry is whether the prior sentences were for offenses separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense). If so, they are to be considered separate sentences, counted separately, and no further inquiry is required. See Guidelines Manual Supplement to Appendix C, pp. 238-239.

Amendment 709 is not listed as a retroactive amendment.  See USSG §1B1.10(c). Accordingly, it cannot be considered by a district court pursuant to a § 3582(c) motion.  See 18 U.S.C. § 3582(c)(2); see also United States v. Peters, 524 F.3d 905, 906 (8th Cir. 2008) (holding that Amendment 709 was not retroactive and the district court was therefore barred from applying it); United States v. Muhammed, 2008 WL 4190786 at *4 (D.N.J.2008) (finding that because Amendment 709 was not listed in subsection (c) of the relevant policy statement, the court could not consider the effect of the amendment in a motion for relief filed pursuant to § 3582(c)(2)).

Aside from not being retroactive, Amendment 709 is not applicable for three additional reasons.  First, Defendant is convicted of an offense that carries a mandatory minimum sentence of not less than ten years.  Because the statutory mandatory minimum penalty is greater than the maximum of the guideline range, the statutory minimum, not the guidelines, controls the minimum sentence the Court may impose.  This Court is without authority to impose a sentence below the mandatory minimum penalty.  Second, the November 2007 amendment was in effect and applied at the time of Defendant's sentencing in February 2009, so it is not an amendment that reduces a range subsequent to a defendant's sentencing as required by § 3582(c).  Third, even if Amendment 709 was retroactive and Defendant did not face a statutory minimum sentence, it would not matter, because only one prior criminal history conviction scored toward Defendant's criminal history category (see PSR, ¶¶ 25 and 26).  As only one prior conviction was applied in his criminal history calculation, a rule dealing with multiple prior criminal offenses is not applicable.

A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range.  USSG §1B1.10(a)(2)(B).  As the facts establish that Defendant's sentence is not based on a sentencing

range that has subsequently been lowered by the Sentencing Commission by virtue of Amendment 709, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

Finally, Defendant argues Booker provides a basis for reconsideration of his sentence. Defendant was sentenced post-Booker. He had an opportunity to argue for a non-guideline sentence but elected not to do so, undoubtedly because Defendant's guideline sentence was 120 months and he faced a ten-year mandatory minimum term. Under the cover of a flawed § 3582(c) motion, Defendant wants this Court to reconsider the sentence, and reduce the term pursuant to Booker and § 3553(a) factors. This argument is meritless. First, this Court is statutorily barred from imposing a sentence of less than 120 months. Second, Booker does not provide a separate basis for relief under § 3582(c)(2). See Rhodes at 839 ("Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)."); United States v. Price, 438 F.3d 1005 (10th Cir. 2006) (holding that Booker itself does not provide requisite authority to reopen sentencing proceedings under § 3582(c)); Smartt at 541. Further, the Tenth Circuit has joined all other circuits that have examined the question and concluded that Booker does not apply retroactively to habeas petitions. United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir.2005).

**IT IS THEREFORE ORDERED** that Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 28) is **dismissed due to lack of jurisdiction**.

**DATED** this 13th day of October, 2009.

_/s/ Terence Kern_
TERENCE KERN