# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-0154-001-TCK |
| | ) | |
| **SHAUNE COREY PAYNE,** | ) | USM Number: 10485-062 |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 49). The motion is based upon Amendment 750, which revises USSG § 2D1.1 and reduces the sentence for many cases involving cocaine base.

At the original sentencing on February 10, 2009, the Court imposed a sentence of 120 months, which was the applicable guideline sentence.[1] Retroactive Amendment 750, which revises § 2D1.1, would reduce Defendant's total offense level to a level 23, resulting in a guideline range of 51 to 63 months. However, Defendant was convicted of an offense that carries a statutory mandatory minimum sentence of 120 months. Because the statutory mandatory minimum penalty is greater than the maximum of the revised guideline range, the statutory minimum, not the guideline range, controls the minimum sentence the Court may impose. See USSG § 5G1.1(b).

The Fair Sentencing Act "(FSA"), which took effect August 3, 2010, also does not reduce Defendant's statutory exposure or guideline calculation because the Act is not retroactive for defendants who were sentenced before the Act's effective date. See United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010). Further, the FSA's statutory provisions were not made retroactive

---

[1] The calculated range was 78 to 97 months; however, due to a statutory mandatory minimum sentence of 10 years, the guideline sentence was 120 months, pursuant to USSG § 5G1.1(b).

by the Sentencing Commission's decision to make retroactive guideline provisions that mirrored the FSA's statutory changes. Because Defendant was sentenced on February 10, 2009, well before passage of the FSA and its effective date, the FSA's statutory changes are not retroactive in this case.[2]

Although Amendment 750 is applicable, it does not lower Defendant's sentence. A reduction of a term of imprisonment is not authorized by § 18 U.S.C. § 3582(c)(2) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG §1B1.10(a)(2)(B). As the facts establish that Defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under 18 U.S.C. § 3582(c)(2). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that Defendant's motion for reduction of sentence (Doc. 49) is **dismissed for lack of jurisdiction**.

**DATED** this 15th day of July, 2013.

                                                                        *Terence Kern*
                                                                        **TERENCE KERN**
                                                                        **United States District Judge**

---

[2] The Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), stands for the narrow proposition that the lower mandatory minimum provisions of the FSA apply to defendants who committed their offense before the effective date but were sentenced after the effective date. Because Defendant was sentenced before the effective date, Dorsey is also of no assistance to Defendant.